UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONYA MUNROE,

                              Plaintiff,

              -against-

AETNA MEDICARE,

                              Defendant.

23-CV-6868 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

Plaintiff Sonya Munroe, possibly through her husband,[1] brings this *pro se* action, for which the filing fees have been paid, alleging that Defendant Aetna Medicare violated her rights under the Medicare and Medicaid Act of 1964. The Court dismisses the complaint for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

---

[1] The beginning of the facts section of the complaint includes a note saying that the facts are "[s]tated in Sonya's 1st person voice, not her husband Patrick's who represents her pro se." (ECF 1, at 5.) As discussed below, Plaintiff's husband may not assert claims *pro se* on Plaintiff's behalf.

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff, who resides in Westchester County, receives health care coverage through the Aetna Medicare Elite Plan. On March 22, 2023, Plaintiff began experiencing pain in her left leg. A doctor recommended an MRI, which showed "a synovial cyst between two vertebrae . . . constricting the sciatic nerve on [Plaintiff's] left leg." (ECF 1, at 5.) Plaintiff's spine surgeon recommended surgery to remove the cyst, which was scheduled for May 31, 2023. On May 16, 2024, however, Aetna denied medical coverage for the surgery and for Plaintiff's inpatient hospital visit, and instead required that Plaintiff first undergo "presurgical physical therapy." (*Id.*) On May 23, 2023, Plaintiff's surgeon appealed Aetna's denial. The Aetna representative, who was also a retired spine surgeon, agreed that physical therapy was unnecessary and would have "no effect on the cyst," but stated that "it was Aetna protocol and he was bound to it." (*Id.*) Plaintiff's appeal was denied, and Plaintiff's surgeon "acceded to Aetna's physical therapy requirement and scheduled the surgery for July 18th." (*Id.*) In the weeks leading up to the surgery, Plaintiff experienced significant pain while she underwent physical therapy. She took ibuprofen for the pain, but "[i]t had a dangerous side effect that was diagnosed as chronic kidney insufficiency." (*Id.* at 6.)

On June 24, 2023, Aetna approved the surgery for July 18, 2023. On June 26, 2023, Plaintiff was informed that Aetna approved outpatient admission but not inpatient admission, even though Plaintiff's surgeon had recommended inpatient admission. On July 18, 2023,

Plaintiff underwent the surgery, and the cyst was removed. At 5:00 PM, "the wound was still bleeding, leaking outside the dressing." (*Id.*) Plaintiff's dressing was replaced, and she was discharged at 6:00 PM. Her dressing was again soaked through with blood later that night.

In the section of the complaint form asking Plaintiff to state her injuries, she writes, "None." (*Id.*)

Plaintiff seeks reimbursement of her $360 co-pay for presurgical physical therapy and an order directing that "Aetna publicly admit responsibility for [Plaintiff's] seven weeks of suffering, and that they give a corrective protocol to the Court for its approval – how from now on Aetna will treat plan members humanely and accordance with their legal and moral obligations." (*Id.*)

## DISCUSSION

### A.   Plaintiff's husband may not bring claims on her behalf

Although it appears that Plaintiff signed the complaint, the complaint also states that Plaintiff's husband is bringing claims on her behalf. Because Plaintiff's husband does not indicate that he is a lawyer, he cannot bring claims *pro se* on behalf of his wife. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Plaintiff's husband may assist her in drafting the complaint, but he may not assert claims on her behalf. If Plaintiff submits an amended complaint, she must sign the amended complaint and include an attestation that she is personally bringing claims on her own behalf.

### B.      Subject matter jurisdiction

The Court construes Plaintiff's claims against Medicare as brought under the Medicare Act and the Social Security Act, in which she challenges the denial of her Medicare benefits. With respect to such claims, 42 U.S.C. § 405(h) mandates that the judicial review method set forth in 42 U.S.C. § 405(g) is the exclusive method for judicial review, and bars judicial review under other grants of subject matter jurisdiction, "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." [2] *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). In order to challenge the denial of Medicare benefits under Section 405(g), a plaintiff must exhaust her administrative remedies before seeking judicial review. 42 U.S.C. § 405(g), (h); *see Abbey v. Sullivan*, 978 F.2d 37, 41-44 (2d Cir. 1992). This requirement is jurisdictional. *Shalala*, 529 U.S. 1; *Weinberger v. Salfi*, 422 U.S. 749, 757-66 (1975); *see Heckler v. Ringer*, 466 U.S. 602, 622

---

[2] 42 U.S.C. § 405(h) provides, in relevant part, that:

[t]he findings and decision of the [Secretary of the United States Department of Health and Human Services ("HHS Secretary")] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [HHS Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [HHS Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g) provides, in relevant part, that:

[a]ny individual, after any final decision of the [HHS Secretary] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [HHS Secretary] may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

(1984) ("Because Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the nonwaivable exhaustion requirement of § 405(g). The District Court, therefore, had no jurisdiction as to respondent Ringer.").

A plaintiff dissatisfied with a Medicare contractor's initial determination of Medicare benefits must follow certain procedures before filing suit in federal court: (1) a plaintiff must request that the contractor perform a redetermination of the claim if the requirements for obtaining a redetermination are met; (2) if dissatisfied with the redetermination, a plaintiff must seek reconsideration from the contractor; (3) if still dissatisfied, the plaintiff must request a hearing by an Administrative Law Judge ("ALJ") with the United States Department of Health and Human Services; (4) if dissatisfied with the decision of the ALJ, a plaintiff must request that the Medicare Appeals Council ("MAC") review the case; and (5) if the plaintiff is still dissatisfied with the decision made by the MAC, only then may the plaintiff file suit in federal court if the amount remaining in controversy and other requirements for judicial review are met. *See* 42 C.F.R. § 405.904(a)(2); *Townsend v. Cochran*, 528 F. Supp. 3d 209, 212-13 (S.D.N.Y. 2021).

The Second Circuit has determined that judicial waiver of this exhaustion requirement is appropriate in only three circumstances: (1) where the claim is collateral to a demand for benefits; (2) where exhaustion would be futile; and (3) where the plaintiff would suffer irreparable harm if required to exhaust administrative remedies before obtaining relief. *See Abbey*, 978 F.2d at 44. Thus, "[e]xhaustion is the rule, waiver the exception." *Id.*

Here, Plaintiff does not allege that she exhausted her administrative remedies. She states that her surgeon appealed Aetna's May 16, 2023 decision denying coverage of the surgery unless Plaintiff first underwent physical therapy and denying inpatient admission, but she does not

5

allege that she or her doctor took any further steps to exhaust her administration remedies. Plaintiff does not allege that she took any steps to appeal Aetna's June 26, 2023 decision to deny inpatient admission. Nor does Plaintiff allege any facts suggesting that waiver of the exhaustion requirement is appropriate in this case. Because Plaintiff does not allege that she has exhausted her administrative remedies, the Court dismisses her claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, the Court grants her 30 days' leave to replead her claims in an amended complaint demonstrating the Court has subject matter jurisdiction of her claims by alleging facts showing that she has exhausted her administrative remedies.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint alleging facts demonstrating that the Court has subject matter jurisdiction of her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6868 (CS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      **SO ORDERED**.

Dated:    August 9, 2023
         White Plains, New York

                          CATHY SEIBEL
                     United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**

Do you want a jury trial?
        ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name                Middle Initial        Last Name

Street Address

County, City                      State              Zip Code

Telephone Number              Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City                State                Zip Code


_____
Telephone Number                E-mail Address


_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007